FREYRE, PLAINTIFF AND APPELLEE, *v.* SUCCESSION OF SEVILLANO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2028.—Decided April 29, 1920.

PROFESSIONAL SERVICES — PLEADING — PARTIES. — An action may be maintained against a succession for the recovery of unpaid professional fees for services rendered by the plaintiff to the ancestor of the succession without previous agreement as to amount.

ID.—ID.—ACCEPTANCE OF INHERITANCE.—In an action against a succession it is unnecessary to allege that the defendant heirs accepted the inheritance simply or under benefit of inventory, for it falls on the defendants to allege that defense if they should be so advised.

ID.—ID.—EVIDENCE.—The principle laid down in *Wilcox* v. *Axtmayer et al.,* 23 P. R. R., 319, that under the Act of March 10, 1904, p. 121, a party to an action brought against the heirs of a deceased person based on transactions

had with the latter cannot testify as a witness without first being called by the adverse party, is not applicable to a case like the present in which, independently of his own testimony, the plaintiff made out his case by documentary evidence and also by the testimony of one of the defendants.

The facts are stated in the opinion.

*Mr. E. López Tizol* for the appellant.

*Mr. E. H. F. Dottin* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellee, Luis Freyre Barbosa, brought an action against several persons as the sole and universal heirs of Antonio Sevillano Henríquez, alleging that he was an attorney-at-law practicing in this Island and that Sevillano died suddenly on May 20, 1916, owing the plaintiff the sum of $740 for professional services rendered in the following cases:

| | | |
|---|---|---|
| (*a*) An action of unlawful detainer in the Municipal Court of Bayamón against Gavino Marché, Case No. 2012, dated February 4, 1915 | | $40.00 |
| (*b*) Case No. 7820 in the District Court of San Juan, Section 1, dated December 18, 1914, against Andrea Doble and María Santiago in an action of debt | | 200.00 |
| (*c*) Case No. 7980 in the District Court of San Juan, Section 1, dated March 18, 1915; foreclosure proceedings against Bernardo Trujillo | | 250.00 |
| (*d*) Case No. 8008 in the District Court of San Juan, Section 1, dated March 27, 1915; unlawful detainer against Tomasa Rodríguez | | 250.00 |
| | | $740.00 |

He also alleged that he had been unable to collect the said sum or any part of it, notwithstanding his efforts to do so, and concluded with a prayer for judgment against the defendants for $740 and the costs, expenses, disbursements and attorney fees.

The defendants denied all of the allegations of the complaint and pleaded that if such services were rendered they had been paid for; that he was careless and negligent; that he gave his client erroneous advice, and that he offered to

be modest in charging for his services. The case went to trial and judgment was entered against the defendant succession for the sum of $390, deducting therefrom $15 which the plaintiff had already received, and the costs of the action.

In the appeal taken from the judgment by the defendants they allege first that the complaint does not state facts sufficient to constitute a cause of action because it does not set up all the facts necessary to show a contract for the hire of professional services for an agreed sum or for their reasonable value, nor whether the services were rendered at the request of Sevillano himself or of another person in his name and accepted by him, nor when they were to be paid for; because it does not appear whether the amounts fixed for the several items mentioned are the reasonable value or the agreed sum for the services; because it should have been alleged that Sevillano refused to pay the sums instead of that the plaintiff had been unable to collect them, inasmuch as in the latter case it could have been due to causes attributable to the plaintiff, because it should have been alleged that the succession refused to pay; that the defendants are the sole heirs and the only persons under obligation, and whether they accepted the inheritance simply or with benefit of inventory.

Although the complaint is not a model pleading, nevertheless it contains sufficient to inform the defendants that the claim against them is for professional services rendered to their ancestor in several actions without an agreement as to the amount; therefore, in accordance with section 1486 of the Civil Code, the plaintiff may recover the reasonable value of such services, for which the ancestor did not pay, and it was unnecessary to allege whether the heirs accepted the inheritance simply or under benefit of inventory, as in the latter case this would be a defense for the defendants to set up.

It is also alleged that the court erred in overruling the demurrer for misjoinder of causes of action, but that error does not exist because the action is only to recover fees for professional services rendered.

Two groups may be made of the other errors assigned, for eight of them refer to exceptions taken at the trial to the admission or exclusion of evidence, and the other four refer to the sufficiency of the evidence to support the judgment. The third assignment of the first group can not be considered, because the document whose admission was objected to has not been included in the statement of the case approved by the trial judge, although it may be found in the transcript. The same is the case regarding the last error assigned under number fourteen.

We have examined the remaining assignments of the first group and they do not justify a reversal of the judgment and a new trial.

The other three assignments of the second group do not warrant a reversal of the judgment, for it appears to have been clearly proved that the plaintiff rendered the professional services to the ancestor of the defendants in the cases enumerated in the complaint and that the defendants have proved that fifteen dollars only were paid on account of his fees.

The action was brought one year and four months after the death of Sevillano and the appellants maintain that in accordance with the case of *Wilcox* v. *Axtmayer,* 23 P. R. R. 319, the plaintiff could not prove his case by his own testimony. We are of the opinion that neither the case cited nor the Act of March 10, 1904, page 130, on which the decision is based, is applicable to this case, for in that case it was sought to enforce a verbal guaranty alleged to have been given by the deceased Axtmayer for his son Henry without any other evidence than the testimony of the plain-

tiff regarding the statements of the deceased Axtmayer and without any documentary evidence, and although two other witnesses testified on the same points the trial judge did not believe them, while in the present case the testimony of the plaintiff that he conducted Sevillano's suits has been proved by documentary evidence and independently of his testimony, not only by the certificates exhibited in connection with them, but also by the receipts produced by the defendants, found among Sevillano's papers, showing the payment of fifteen dollars on account in the suits, and also by the testimony of defendant Antonia Salavarría.

The appellee brought his action against Isabel and Antonia Sevillano García, minors under the *patria potestas* of their mother, Juana García, and against Antonia Salavarría Elías, the mother with *patria potestas* of the defendant minor José Antonio Sevillano, whom she represents, alleging that all except Juana García are heirs of Antonio Sevillano Henríquez and that they were designated as his sole and universal heirs; and although, according to the statement of the case approved by the judge, the plaintiff exhibited a certificate of the clerk of the District Court of San Juan showing that the defendants had been designated as the heirs of Antonio Sevillano, yet the appellant succession maintains that these allegations have not been proved because it is not known who really compose the succession of Antonio Sevillano Henríquez. What we have said is sufficient to show that that allegation is without merit.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.